**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN YAGMAN, | No. 17-55682 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07343-VAP-AFM |
| v. | |
| DAVID R. KITTAY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Stephen Yagman appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action against various parties

involved in his Chapter 7 bankruptcy case. We have jurisdiction under 28 U.S.C.

§ 1291. We review do novo, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

948, 955 (9th Cir. 2011), and we affirm.

The district court properly dismissed Yagman's action against the bankruptcy trustee and his counsel as barred by the *Barton* doctrine. *See Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970, 972 (9th Cir. 2005) (*Barton* doctrine applies to "a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity," even after the bankruptcy is closed).

Contrary to Yagman's contention, the district court properly resolved the existence of subject matter jurisdiction on defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1).

Because we affirm the dismissal for lack of subject matter jurisdiction, we do not consider the merits of Yagman's claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**